UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ANGEL RENEE NORRIS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 7:22-cv-00776-ACA-NAD |
| | ) |
| **KIMBERLY NEELY, Warden,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Angel Renee Norris filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The magistrate judge entered a report recommending that the habeas petition be dismissed without prejudice for lack of jurisdiction. (Doc. 9). Ms. Norris filed timely objections to the magistrate judge's report. (Doc. 11).

Ms. Norris objects to the magistrate judge's finding that she cannot bring an actual innocence claim in a § 2241 habeas petition because she did not raise the issue in a motion to vacate. (Doc. 11 at 1). Ms. Norris misunderstands the report and recommendation. This court lacks jurisdiction to hear a claim in a § 2241 petition which ***could*** have been brought in a motion to vacate. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017). In *McCarthan*, the Eleventh Circuit ruled that the "saving clause" in 28 U.S.C. § 2255

allows a petitioner to proceed under 28 U.S.C. § 2241 only when § 2255 is inadequate or ineffective to test the legality of detention. *Id.* at 1081; *see* 28 U.S.C. § 2255(e). And §2255 is "inadequate or ineffective" only "when it cannot remedy a particular kind of claim." *Id*. at 1099. Claims which fall with the § 2255(e) saving clause—and thus may be pursued in a § 2241 petition—include (1) claims challenging the execution of a sentence; (2) where the sentencing court is unavailable; or (3) practical considerations (such as multiple sentencing courts) prevent a petitioner from filing a motion to vacate. *Id.* at 1092–93. Ms. Norris's claim does not fit within any of the three types of claims that fall within the § 2255(e) savings clause.

Ms. Norris argues that a § 2255 motion to vacate is "inadequate or ineffective" to remedy her claim of actual innocence because such a motion would be time-barred. (Doc. 11 at 2–3). But the fact that a claim is time-barred does not mean it could not have been brought under § 2255. *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 998 (11th Cir. 2021) ("A movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy or ineffectiveness of the case or the claims, not the remedy.").

Ms. Norris's assertion that she has newly discovered evidence which can prove her actual innocence does not bring her claim within the § 2255 saving clause.

"A claim of actual innocence is not one of the rare [claims] for which a § 2255 motion is an inadequate or ineffective remedy." *Id.* at 994.

In other words, this court may not consider whether Ms. Norris's actual innocence claim would be time-barred if brought under § 2255, but only if it is the type of claim for which § 2255 provides a remedy. Whether or not Ms. Norris can prevail on a § 2255 motion is not a relevant consideration. *See McCarthan*, 851 F.3d at 1086; *Amodeo*, 984 F.3d at 1002–03 (holding that a claim of actual innocence, "under *McCarthan* … is a cognizable claim because it goes to the legality of [the petitioner's] detention"). Because Ms. Norris could bring her actual innocence claim in a § 2255 motion to vacate, a § 2241 remedy is not available to her.[1]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Ms. Norris's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's findings and **ACCEPTS** the recommendation. The petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

A separate Final Judgment will be entered.

---

[1] Ms. Norris also argues that because *McCarthan* dictates she must proceed under § 2255, this court must be "instructing Ms. Norris that her 2255 is not time-barred." (Doc. 11 at 3). The court is doing no such thing. As stated both in the report and recommendation (doc. 9 at 6) and this memorandum opinion, whether or not a claim brought in § 2255 motion would be time-barred is not a relevant consideration.

**DONE** and **ORDERED** this June 15, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE